No. 9417.

## CONLEE *v.* CONLEE ET AL.

VENDOR'S LIEN.—*Evidence.— Verdict.—Foreclosure.*—As to what is sufficient evidence to show a vendor's lien, entitling the vendor of real estate to a verdict and a decree for the foreclosure thereof, *see opinion.*

From the Harrison Circuit Court.

*W. A. Porter, W. N. Tracewell* and *R. J. Tracewell,* for appellant.

Woods, C. J.—The only question properly presented is whether or not the verdict is contrary to the evidence.

The action was to enforce a vendor's lien. The proof is clear and consistent that the plaintiff Henderson Conlee sold and conveyed to Isaac Conlee eighty acres of land for $400. Before the deed was made Isaac agreed to convey the south half of the land to John Conlee for $200, to be paid by the latter to the plaintiff. The plaintiff assented to this, and; as the jury may well have inferred from the evidence, it was understood between the three brothers that the plaintiff was to look to John alone for the price of his part of the land, and to Isaac for the price of the portion retained by him; and,

accordingly, at the time the deed was made, Isaac gave his notes to the plaintiff for $200; John paid $125 and gave to the plaintiff his note for $75; Isaac conveyed to John according to their agreement; and John afterwards bound himself in writing to convey to his co-defendant Schmidt for $400, of which a small part only has been paid. The notes made by Isaac Conlee, who died before the commencement of this action, leaving an estate worth less than $500, which had been taken by the widow, remained unpaid. The evidence also tends to show that the $75 note had been paid, excepting, perhaps, a few dollars. So far, therefore, as concerns that portion of the land which was conveyed to John Conlee, there is no sufficient cause for setting aside the verdict rendered.

In respect to the land retained by Isaac Conlee, and, at the commencement of the action, held by his widow and children, who were made defendants, we reach a different conclusion. There is no evidence of the payment of the two notes made by Isaac Conlee; and while it is alleged in one of the answers that the vendor's lien was waived by express agreement, and credit given solely upon the personal responsibility of said Isaac, the plea, if good, is not proven; on the contrary, it is shown that a mortgage was not made because the vendor had a lien.

It is shown in evidence, that the appellant assisted his brother Isaac to obtain a school fund loan, secured by mortgage on this land; but if his conduct in this respect estopped him from asserting a lien prior to that mortgage, it had no further effect.

In respect to the widow and children of Isaac Conlee, and the land descended to them, and in so far as the appellant claims a lien for the money due upon the notes of Isaac Conlee, the judgment is reversed, at costs of said appellees, and a new trial ordered. In other respects the judgment is affirmed, at costs of appellant.

Judgment accordingly.